UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JIMMY GETTINGS, ) <br> ) <br>    Plaintiff, ) <br> vs. ) <br> ) <br> BRITTNEY COULLAHAN, *et al.*, ) <br> ) <br>    Defendants. ) <br> ) | Case No.: 2:15-cv-02174-GMN-NJK <br><br> **ORDER** |

Pending before the Court is *pro se* Plaintiff Jimmy Gettings' ("Plaintiff") Motion to Reconsider (ECF No. 7). For the reasons discussed below, the Court denies Plaintiff's Motion.

## I. BACKGROUND

Plaintiff initiated this case by filing a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and an attached Complaint. (Mot. for Leave, ECF No. 1). Plaintiff subsequently submitted an amended application to proceed *in forma pauperis* along with an Amended Complaint. (Mot. for Leave, ECF No. 2). On November 20, 2015, Magistrate Judge Nancy J. Koppe filed a Report and Recommendation recommending that Plaintiff's case be dismissed for, *inter alia*, improper venue. (R&R 4:4–9, ECF No. 3). While Plaintiff did not file an objection to Magistrate Judge Koppe's recommendation, Plaintiff did file a Motion to Withdraw Complaint (ECF No. 4) in which he acknowledges this Court to be an improper venue.

In the instant Motion, Plaintiff seeks reconsideration of the Court's Order (ECF No. 5) adopting Magistrate Judge Koppe's Report and Recommendation and denying Plaintiff's Motion to Withdraw Complaint. (*See* Mot. to Reconsider at 2, ECF No. 7).

## II. LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). However, a motion for reconsideration is not a mechanism for rearguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or "advancing theories of the case that could have been presented earlier, *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994). Thus, Rules 59(e) and 60(b) are not "intended to give an unhappy litigant one additional chance to sway the judge." *See Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## III. DISCUSSION

Here, Plaintiff requests that the Court "withdraw the Order of accepting the Report & Recommendation of Magistrate Judge Koppe and Accept the Motion of Plaintiff to withdraw so that he can file in the proper venue." (Mot. to Reconsider at 2, ECF No. 7). However, the Court has reviewed its prior Order and the arguments presented by Plaintiff and has found no reason to overturn this Court's previous Order. The Court finds neither clear error nor manifest injustice in the reasoning of its previous Order. Accordingly, Plaintiff's Motion to Reconsider is denied.[1]

///

///

///

---

[1] The Court notes that neither this Order nor its previous Order (ECF No. 5) precludes Plaintiff from filing his Complaint in a court of appropriate venue.

IV. <u>**CONCLUSION**</u>

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 7) is **DENIED**.

**DATED** this \_\_9\_\_ day of June, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge